IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:02-CR-2-1H
No. 4:08-CV-29-H

ANTOINE HUMPHREY,  )
 )
    Petitioner,  )
 )
v.  )
 )  **ORDER**
 )
UNITED STATES OF AMERICA,  )
 )
    Respondent.  )

This matter is before the court pursuant to Rule 4 of the Rules Governing Section 2255 Cases ("Rule 4") for examination of petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. On April 1, 2002, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. On August 19, 2002, the court sentenced petitioner to a 240-month term of imprisonment. Petitioner did not appeal, but on February 14, 2008, filed a motion to vacate pursuant to 28 U.S.C. § 2255.[1]

I. **Rule 4 Standard**

Rule 4 requires the court to conduct a preliminary examination of a petition filed pursuant to 28 U.S.C. § 2255. "If it plainly

---

[1] Although not received by the court until February 15, 2008, petitioner's motion is deemed filed on February 14, 2008, when petitioner delivered the motion to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b). The court may dismiss some of the claims in the petition and allow the other claims to proceed. United States v. Talbott, 26 Fed. Appx. 167 (4th Cir. 2001) (unpublished).

Title 28 U.S.C. § 2255 provides relief for federal inmates only where it is shown that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence exceeds the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

## II. Timeliness of Motion

Section 2255 further provides a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Since judgment was entered on August 19, 2002, and petitioner did not file a direct appeal, judgment became final on that date. The instant petition was filed on February 14, 2008, more than five years after judgment became final. Petitioner alleges that he was subpoenaed to testify on the government's behalf in another criminal proceeding from May 6, 2003 until November 20, 2003, and was told that the government would be filing a Rule 35 motion to reduce his sentence in exchange for his cooperation. Petitioner contends that the government's promise of a Rule 35 motion prevented him from filing his § 2255 motion challenging the government's failure to request either a 5K1.1 downward departure or a Rule 35 sentence reduction as a breach of the plea agreement.

3

The court need not decide whether petitioner was prevented from filing a § 2255 motion as a result of the government's alleged promise to file a Rule 35 motion. Even assuming that is the case, petitioner's motion is nevertheless untimely. Governmental action that impedes an individual's ability to file a § 2255 motion does not toll indefinitely the time for filing a § 2255 motion. Rather, it merely delays the time from whence the limitations period begins to accrue. Thus, a defendant who has been prevented from filing a § 2255 motion has one year from the date on which the impediment is removed to file his § 2255 motion. At the very latest, petitioner was informed by this court's correspondence of October 24, 2006, that the government would not be pursuing a reduction in petitioner's sentence based on Rule 35. However, petitioner's § 2255 motion was not filed until February 14, 2008, well over a year later. Therefore, petitioner's motion is not timely.

### III. Request to Reopen Appeal

In his § 2255 motion, petitioner requests that he be permitted to file an out of time appeal. Because it is unclear whether petitioner asks permission to appeal as part of the relief requested for his § 2255 motion or as a separate and alternative motion, the court addresses petitioner's request pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, this court may reopen the time to file an appeal if (1) the moving party did not receive notice of entry of judgment

4

within twenty-one days after entry; (2) the motion is filed within 180 days after entry of judgment or within seven days of receiving notice from the court, whichever is earlier; and (3) no party would be prejudiced. Petitioner was present in court during sentencing and received notice of the judgment entered against him at that time. In addition, petitioner's request to reopen the time for filing a notice of appeal was not filed within 180 days after judgment was entered on August 19, 2002, or within seven days of receiving notice of the court's judgment. Because petitioner does not meet the criteria under Rule 4(a)(6), this court is without authority to reopen petitioner's appeal time. See Browder v. Dir. Dep't of Corr., 434 U.S. 257, 264 (1978) (appeal period is "mandatory and jurisdictional").

IV. **Conclusion**

For the foregoing reasons, it is plainly apparent that petitioner is not entitled to relief on any of the claims raised in his motion to vacate. Petitioner's 28 U.S.C. § 2255 motion, as amended, [DE ##22 & 25] is DISMISSED. Petitioner's request to reopen the time for filing an appeal is DENIED. The clerk is directed to close this case.

This 10th day of April 2008.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville
#31